**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RIZWAN BHAILA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WALGREENS BOOTS ALLIANCE, INC., TIMOTHY C. WENTWORTH, MANMOHAN MAHAJAN, and RICK GATES, <br><br> Defendants. | Case No. 1:24-cv-05907-JBG <br><br> <u>CLASS ACTION</u> <br><br> Honorable Joan B. Gottschall |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CHRISTOPHER G. COLLINS AND RIZWAN BHAILA'S MOTION FOR APPOINTMENT AS CO-LEAD <u>PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ..................................................................................................... 2

PROCEDURAL HISTORY..................................................................................................... 3

ARGUMENT........................................................................................................................ 3

    I.       APPOINTMENT OF MOVANTS AS CO-LEAD PLAINTIFFS IS
           APPROPRIATE........................................................................................................ 3

        A.      The Procedure Required by the PSLRA ..................................................... 3

            1.     Movants Are Willing to Serve as Class Representatives....................................... 4

            2.     Movants Have the Requisite Financial Interest in the Relief Sought by the Class.
                    ............................................................................................................. 5

        B.      Movants Satisfy the Requirements of Federal Rule of Civil Procedure 23(a). .......... 6

            1.     Movants' Claims Are Typical of the Claims of All Class Members. .................... 7

            2.     Movants Will Adequately Represent the Class. .................................................... 7

    II.      APPROVAL OF MOVANTS' CHOICE OF COUNSEL IS APPROPRIATE. .............. 9

    III.    CONCLUSION.................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Chandler v. Ulta Beauty, Inc.*,
No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340 (N.D. Ill. June 26, 2018)................................. 6

*De La Fuente v. Stokely-Van Camp, Inc.*,
713 F.2d 225 (7th Cir. 1983) ......................................................................................... 7

*Dura Pharm., Inc. v. Broudo*,
544 U.S. 336 (2005)........................................................................................................ 5

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.)............................................................................................... 9

*In re Groupon Secs. Litig.*,
Master File No. 12 C 2450, 2012 U.S. Dist. LEXIS 123899 (N.D. Ill. Aug. 28, 2012).............. 6

*Gurevitch v. KeyCorp, et al.*,
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ......................................................... 10

*Jaramillo v. Dish Network Corporation, et al.*,
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023)............................................................... 9

*Johnson v. Tellabs, Inc.*,
214 F.R.D. 225 (N.D. Ill. 2002)................................................................................ 1, 7

*Lax v. First Merchants Acceptance Corp.*,
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)................................................ 6

*Maiden v. Merge Techs., Inc.*,
No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006)................................ 5

*Martin v. BioXcel Therapeutics, Inc. et al.*,
No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ................................................................ 9

*Petersen v. Stem, Inc. et. al.*,
No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ......................................................... 10

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,
No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) ........................................................... 10

*Rosario v. Livaditis*,
963 F.2d 1013 (7th Cir. 1992) ..................................................................................... 7

*Solomon v. Peloton Interactive, Inc. et al.*,
No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) .......................................................... 10

*Takara Trust v. Molex Inc.*,
229 F.R.D. 577 (N.D. Ill. 2005)........................................................................... 6, 7, 8

*In re Tesla Inc. Securities Litigation,*
   No. 3:18-cv-4865 (N.D. Cal.) ......................................................................................... 9

*Thant v. Rain Oncology Inc. et al.*,
   5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ...................................................................... 9

*Thant v. Veru, Inc. et al.,*
   No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)............................................................... 10

*In re U.S. Steel Securities Litigation,*
   No. 2:17-579-CB (W.D. Pa.) ......................................................................................... 9

*Villanueva v. Proterra Inc. et al.,*
   No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) .............................................................. 9

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................ *passim*

**Rules**

FED. R. CIV. P. 23................................................................................................ *passim*

**PRELIMINARY STATEMENT**

Presently pending before the Court is the above-captioned action (the "Action") brought on behalf of all investors who purchased or otherwise acquired Walgreens Boots Alliance, Inc. ("Walgreens" or the "Company") securities between October 12, 2023 to June 26, 2024, inclusive (the "Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, Timothy C. Wentworth ("Wentworth"), Manmohan Mahajan ("Mahajan"), and Rick Gates ("Gates") (collectively the "Defendants", and all defendants other than the Company, collectively, the "Individual Defendants").[1]

Christopher G. Collins and Rizwan Bhaila ("Movants") collectively lost approximately $2,293,517.15 as a result of the alleged fraud during the Class Period. Movants respectfully submit this Memorandum of Law in support of their Motion for: (1) appointment as co-lead plaintiffs ("Co-Lead Plaintiffs") pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B) and (2) approval of their selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel, and Lubin Austermuehle, P.C. ("Lubin Austermuehle") and the Law Office of Terrence Buehler as Liaison Counsel.

The PSLRA provides for the Court to appoint as Lead Plaintiff the movant(s) that has the largest financial interest in the litigation who has also made a *prima facie* showing that it is an adequate class representative(s) under Federal Rule of Civil Procedure 23. *See generally Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002). Movants satisfy both requirements.

Movants believes that they have the largest financial interest in the outcome of the case.[2] As such, Movants meet the requirements of the PSLRA for appointment as Co-Lead Plaintiffs.

---

[1] The Action alleges violations under Sections 10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder.

[2] Certifications from Movants, as required by the PSLRA, as well as charts detailing their losses, are attached to the Declaration of Peter S. Lubin, dated September 10, 2024 ("Lubin Decl."), as Exhibits A and B, respectively.

Moreover, Movants satisfy the requirements of Rule 23 in that their claims are typical of the claims of the Class, and they will fairly and adequately represent the interests of the Class.[3]

Accordingly, Movants submits that they should be appointed Co-Lead Plaintiffs. Additionally, Movants respectfully submit that their selection of Levi & Korsinsky as Lead Counsel and Lubin Austermuehle and the Law Office of Terrence Buehler as Liaison Counsel is appropriate for approval by this Court to represent the Class.

### STATEMENT OF FACTS[4]

Walgreens is a global company that delivers retail and pharmacy, and healthcare services across the United States, Europe, and Latin America. ¶ 19. The Company also has a healthcare segment dedicated solely to the US. ¶ 20. Walgreens splits itself into three segments: United States retail and pharmacy, international sales, and United States healthcare. *Id.*

The statements in Paragraphs 21 to 31 of the *Bhaila* Complaint were false and/or materially misleading. ¶ 32. Defendants created the false impression that they possessed reliable information pertaining to the Company's projected revenue outlook and anticipated growth while also minimizing risk from seasonality and macroeconomic fluctuations. *Id.* In truth, Walgreens' optimistic reports of growth, cost cutting measures, and overall stability of its pharmacy division fell short of reality; the Company's pharmacy division was not equipped to handle the ongoing challenges in its industry and, further, would require significant restructuring to create a sustainable model. *Id.*

On June 27, 2024, Defendants released their Q3FY24 results below expectations and lowered FY24 projections. ¶ 33. An earnings call was again held the same day in which the Individual

---

[3] The Action defines the "Class" as all persons and entities "who purchased or otherwise acquired Walgreens securities" during the Class Period. Excluded from the Class are the Defendants, the officers and directors of Iterum, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest.

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Bhaila* Complaint") filed in the action styled *Bhaila v. Walgreens Boots Alliance, Inc., et. al.,* Case No. 1:24-cv-05907-JBG (the "*Bhaila* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Bhaila* Complaint. The facts set forth in the *Bhaila* Complaint are incorporated herein by reference.

Defendants elaborated on the third quarter results and the perceived issues that resulted the mixed results. ¶ 35.

The aforementioned press releases and statements made by the Individual Defendants are in direct contrast to statements they made during the October 12, 2023, January 4, 2024, and March 28, 2024 earnings calls. ¶ 38. On those calls, Defendants continually praised the pharmacy division's brand inflation, volume growth, cost execution, discipline, and contribution to the Company, while continually minimizing risks associated with seasonality and the potential impact of the macro environment on the pharmacy division's future profitability. *Id.*

Investors and analysts reacted immediately to Walgreens' revelation. ¶ 39. The price of Walgreens' common stock declined dramatically. *Id.* From a closing market price of $15.66 per share on June 26, 2024, Walgreens' stock price fell to $12.19 per share on June 27, 2024, a decline of about 22.16% in the span of just a single day. *Id.*

<u>**PROCEDURAL HISTORY**</u>

Pending before this Court is the above-captioned *Bhaila* Action against the Defendants. Plaintiff Rizwan Bhaila ("Bhaila") commenced the first-filed action on July 12, 2024. On that same day, Levi & Korsinsky, counsel acting on Bhaila's behalf, published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Lubin Decl., Ex. C ("Press Release").

<u>**ARGUMENT**</u>

**I. APPOINTMENT OF MOVANTS AS CO-LEAD PLAINTIFFS IS APPROPRIATE.**

**A. The Procedure Required by the PSLRA**

The PSLRA establishes the procedure for appointment of the Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). The plaintiff who files the initial action

must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i). The PSLRA provides a presumption that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa)     has either filed the complaint or made a motion in response to a notice . . . ;

(bb)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)     otherwise satisfies the requirements of Federal Rule of Civil Procedure 23.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy the foregoing criteria and are not aware of any unique defenses to which they are subject. Therefore, Movants are entitled to the presumption that they are the most adequate plaintiffs to represent the Class and, as a result, should be appointed Co-Lead Plaintiffs in this action.

### 1.  Movants Are Willing to Serve as Class Representatives.

On July 12, 2024, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act announcing that a securities class action had been filed against Walgreens and certain of its officers and directors and advising putative class members that they had sixty days from the date of the Notice to file a motion to seek

appointment as lead plaintiff in the Action.[5]

Movants has reviewed the complaint filed in the Action and timely filed the instant Motion pursuant to the Notice.

### 2. Movants Have the Requisite Financial Interest in the Relief Sought by the Class.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movants have the largest known financial interest in the relief sought by the Class. *See* Loss Chart, Lubin Decl., Ex. B. The movant who "has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc*., No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at \*13 (E.D. Wis. Nov. 21, 2006) (citation omitted).

Under the PSLRA, damages are calculated based on: (1) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated; or (2) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold his shares, if he sold his shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Movants purchased Walgreens securities in reliance upon the materially false and misleading statements issued by Defendants and were injured thereby. Movants purchased Walgreens securities during the Class Period and lost $2,293,517.15. *See* Loss Chart, Lubin Decl., Ex. B. Importantly, pursuant to the Supreme Court's decision in *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005), only losses incurred as a result of the fraud alleged against the Defendants can be considered when determining largest financial interest. *See Chandler v. Ulta*

---

[5] The Notice was published over *Globe Newswire*, a widely-circulated national business-oriented wire service. *See* Press Release, Lubin Decl., Ex. C.

*Beauty, Inc.*, No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340, at \*11-12 (N.D. Ill. June 26, 2018) (excluding losses incurred by selling securities prior to corrective disclosures in underlying action). To the best of their knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger recoverable financial interest and also satisfy Rule 23.

### B. Movants Satisfy the Requirements of Federal Rule of Civil Procedure 23(a).

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage. *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005). Furthermore, only a "preliminary showing" of typicality and adequacy is required. *See In re Groupon Sec. Litig.*, 2012 U.S. Dist. LEXIS 123899, at \*9 (N.D. Ill. Aug. 28, 2012). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at \*20 (N.D. Ill. Aug. 6, 1997).

As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Co-Lead Plaintiffs.

6

1. **Movants' Claims Are Typical of the Claims of All Class Members.**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory. *See Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The typicality requirement, however, does not demand that the representative party be situated identically to all other members of the Class. *See De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232-33 (7th Cir. 1983), *overruled on other grounds by Green v. Mansour*, 474 U.S. 64 (1985). Movants plainly meet the typicality requirement of Rule 23 because they: (1) suffered the same injuries as the absent class members; (2) suffered as a result of the same course of conduct by Defendants; and (3) have claims based on the same legal issues. *See Takara Trust*, 229 F.R.D. at 580.

In this case, the typicality requirement is met because the claims of Movants are identical to, and neither compete nor conflict with, the claims of other Class members. Movants, like other members of the Class, purchased Walgreens securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby. Thus, the claims of Movants are typical, if not identical, to those of the other members of the Class because Movants suffered losses similar to those of other Class members and their losses result from Defendants' common course of wrongful conduct. Accordingly, Movants satisfy the typicality requirement of Rule 23(a)(3). *See Tellabs*, 214 F.R.D. at 228.

2. **Movants Will Adequately Represent the Class.**

Movants are adequate class representatives. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly

aligned with the members of the putative Class and whether there is any evidence of antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Takara Trust*, 229 F.R.D. at 580.

Movants' interests are clearly aligned with those of other members of the Class. Not only is there no evidence of antagonism between Movants' interests and those of other Class members, but Movants have a significant and compelling interest in prosecuting this action based on the large financial losses they suffered as a result of the alleged wrongful conduct. This motivation, combined with Movants' identical interest with the members of the Class, demonstrates that Movants will vigorously pursue the interests of the Class.

In addition, Movants have retained counsel highly experienced in prosecuting securities class actions, and herewith submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movants will prosecute the action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movants have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movants have sustained the largest amount of losses from Defendants' alleged wrongdoing, they are, therefore, the presumptive Co-Lead Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), and their appointment as Co-Lead Plaintiffs in this action is appropriate.

Moreover, Movants have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as a lead plaintiff, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation. Therefore, Movants will prosecute the Action vigorously on behalf of the Class. *See* Lubin Decl., Ex. D, Joint Declaration.

Accordingly, Movants meet the adequacy requirement of Rule 23.

## II.    APPROVAL OF MOVANTS' CHOICE OF COUNSEL IS APPROPRIATE.

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the Lead Plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class and Lubin Austermuehle and the Law Office of Terrence Buehler as the proposed Liaison Counsel. The members of Levi & Korsinsky, Lubin Austermuehle, and the Law Office of Terrence Buehler have extensive experience in successfully prosecuting complex securities class actions such as this one and are well-qualified to represent the Class. *See* Lubin Decl., Ex. E (Firm Résumés of Levi & Korsinsky). Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the*

9

*Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movants' motion, the Class will receive the highest caliber of legal representation possible.

## III.    CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) appoint Movants as Co-Lead Plaintiffs for the Class in the Action and (2) approve Movants' selection of Levi & Korsinsky as Lead Counsel, and Lubin Austermuehle, and the Law Office of Terrence Buehler as Liaison Counsel for the Class.

Dated: September 10, 2024                     Respectfully submitted,


                                              **LUBIN AUSTERMUEHLE, P.C.**

                                              */s/ Peter S. Lubin*
                                              Peter S. Lubin
                                              Patrick D. Austermuehle
                                              17W220 22nd Street, Suite 410
                                              Oakbrook Terrace, IL 60181
                                              Tel: (630) 333-0333
                                              Email: peter@l-a.law
                                              Email: patrick@l-a.law

                                              **LAW OFFICE OF TERRENCE BUEHLER**
                                              Terrence Buehler
                                              417 North Marion Street
                                              Oak Park, IL 60302
                                              Tel: (312) 371-4385
                                              Email: tbuehler@tbuehlerlaw.com

                                              *Liaison Counsel for Christopher G. Collins and*
                                              *Rizwan Bhaila and [Proposed] Liaison Counsel for*
                                              *the Class*

10

**LEVI & KORSINSKY, LLP**
Adam M. Apton*
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com
*pro hac vice to be submitted

*Counsel for Christopher G. Collins and Rizwan
Bhaila and [Proposed] Lead Counsel for the Class*

11