## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| RIZWAN BHAILA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WALGREENS BOOTS ALLIANCE, INC., TIMOTHY C. WENTWORTH, MANMOHAN MAHAJAN, and RICK GATES, <br><br> Defendants. | Case No.: 1:24-cv-05907 <br><br> Hon. Joan B. Gottschall <br><br> <u>CLASS ACTION</u> |
| WESTCHESTER PUTNAM COUNTIES HEAVY & HIGHWAY LABORERS LOCAL 60 BENEFITS FUND, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WALGREENS BOOTS ALLIANCE, INC., ROSALIND BREWER, JAMES KEHOE, JOHN DRISCOLL, JOHN STANDLEY, TIM WENTWORTH, and MANMOHAN MAHAJAN, <br><br> Defendants. | Case No.: 1:24-cv-08559 <br><br> Hon. Martha M. Pacold <br><br> <u>CLASS ACTION</u> |

**PLAINTIFF WESTCHESTER PUTNAM COUNTIES HEAVY & HIGHWAY LABORERS LOCAL 60 BENEFITS FUND'S <u>UNOPPOSED MOTION FOR REASSIGNMENT OF CASE AS RELATED</u>**

Pursuant to Local Rule 40.4 of this Court, Plaintiff Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefits Fund ("Local 60"), in the above-captioned action styled *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefits Fund v. Walgreens Boots Alliance, Inc., et al.*, No. 1:24-cv-08559, pending before the Honorable Martha M. Pacold (the "*Local 60* Action"), by and through their undersigned counsel, hereby moves to: (a) designate the *Local 60* Action as related to the following action, which is ongoing before the Honorable Joan B. Gottschall: *Bhaila v. Walgreens Boots Alliance, Inc., et al,* No. 1:24-cv-05907 (the "*Bhaila* Action"); and (b) reassign the *Local 60* Action to this Court. In support of this unopposed motion, Local 60 states the following:

## PROCEDURAL HISTORY

1. On July 12, 2024, the *Bhaila* Action was filed and, on that same day, was assigned to this Court (*see Bhaila* Action, ECF No. 1). A true and correct copy of the *Bhaila* Action complaint is attached as Exhibit A. On September 17, 2024, this Court appointed Christopher G. Collins and Rizwan Bhaila as Co-Lead Plaintiffs, Levi & Korsinsky, LLP as Lead Counsel, and Lubin Austermuehle, P.C. and the Law Office of Terrence Buehler as Liaison Counsel in the *Bhaila* Action. *See Bhaila* Action, ECF No. 22.

2. On September 17, 2024, the *Local 60* Action was filed and assigned to the Honorable Martha M. Pacold (*see Local 60* Action, ECF No. 1). A true and correct copy of the *Local 60* Action complaint is attached as Exhibit B.

## ARGUMENT

3. Pursuant to Local Rule 40.4(a), a civil action may be related to another when, as relevant here: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; [or] (3) the cases grow out of the same transaction or occurrence."

1

4.      Pursuant to Local Rule 40.4(b), a case may be reassigned to another judge if it is found to be related to an earlier-numbered case before that judge and: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."

5.      Here, the *Local 60* Action is related to the *Bhaila* Action because the underlying allegations and claims asserted in each involve many substantially similar issues of fact and law and are predicated on many of the same or substantially similar transactions or occurrences. Namely, the *Local 60* Action and the *Bhaila* Action both allege that Walgreens Boots Alliance, Inc. ("Walgreens") and certain of its officers violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j(b) and 78t(a)) and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) by issuing false and misleading statements and failing to disclose material facts. Moreover, the challenged statements and omissions were made during overlapping putative class periods with the same alleged corrective disclosure on June 27, 2024 (*compare Local 60* Action, ECF No. 1 at ¶¶109-112 *with Bhaila* Action, ECF No. 1 at ¶¶33-39), and the claims asserted in both the *Local 60* and *Bhaila* Actions are against two of the same Individual Defendants, Timothy Wentworth and Manmohan Mahajan.

6.      The *Local 60* Action should be reassigned to the same judge as the *Bhaila* Action because these actions are susceptible to disposition within a single proceeding, owing to how they both involve overlapping and similar legal claims and underlying misconduct, as described above. Further, neither of the Actions has progressed beyond the filing of the initial complaints, the lead

2

plaintiff motion and appointment in the *Bhaila* Action, and steps taken to deem them related and reassigned to this Court, with the filing of a Consolidated Complaint to follow pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3). Therefore, neither the *Local 60* Action nor the *Bhaila* Action has progressed to the point of any ruling that would likely delay proceedings. Additionally, it would benefit and conserve judicial resources to have the Actions before a single judge as they involve similar courses of misconduct, overlapping defendants, and similar claims. Each of the Actions is pending in the Northern District of Illinois. Accordingly, the *Local 60* Action and the *Bhaila* Action meet all the criteria under Civil Local Rule 40.4 for the Actions to be related and for the *Local 60* Action to be reassigned to this Court as a related action. *See generally Velocity Patent LLC v. Mercedes-Benz USA, LLC*, No. 13-cv-8413, 2014 WL 1661849 (N.D. Ill. Apr. 24, 2014) (granting plaintiff's motion to reassign on the basis that the cases were related and all conditions of Civil Local Rule 40.4 were met).

7. Prior to filing this motion, counsel for Plaintiff Local 60 conferred with Lead Counsel in the *Bhaila* Action, as well as counsel for Defendants, who do not oppose the motion.

Dated: October 11, 2024

Respectfully submitted,

*/s/ Carol V. Gilden*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
Carol V. Gilden (Bar No. 6185530)
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Tel.: (312) 629-3737
Fax: (312) 357-0369
cgilden@cohenmilstein.com

*Liaison Counsel for Plaintiff Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefits Fund*

3

**SAXENA WHITE P.A.**
Lester R. Hooker (Bar No. 32242)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel.: (561) 394-3399
Fax: (561) 394-3382
lhooker@saxenawhite.com

-and-

Rachel A. Avan (*pro hac vice* forthcoming)
Marco A. Dueñas (*pro hac vice* forthcoming)
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Fax: (888) 631-3611
ravan@saxenawhite.com
mduenas@saxenawhite.com

*Counsel for Plaintiff Westchester Putnam
Counties Heavy & Highway Laborers Local 60
Benefits Fund*