**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RIZWAN BHAILA, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:24-cv-05907 |
| v. | ) ) | Judge Joan B. Gottschall |
| WALGREENS BOOTS ALLIANCE, INC., TIMOTHY C. WENTWORTH, MANMOHAN MAHAJAN, and RICK GATES | ) ) ) ) | CLASS ACTION |
| Defendants. | ) | |

------------------------------------------------------------

| | | |
|---|---|---|
| MARK TOBIAS, derivatively on behalf of WALGREENS BOOTS ALLIANCE, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:24-cv-07755 |
| v. | ) ) | Honorable Martha M. Pacold |
| TIMOTHY C. WENTWORTH, MANMOHAN MAHAJAN, RICK GATES, JANICE M. BABIAK, INDERPAL S. BHANDARI, GINGER L. GRAHAM, BRYAN C. HANSON, ROBERT L. HUFFINES, VALERIE B. JARRETT, JOHN A. LEDERER, STEFANO PESSINA, THOMAS E. POLEN, and NANCY M. SCHLICHTING, | ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| WALGREENS BOOTS ALLIANCE, INC., | ) ) | |
| Nominal Defendant. | ) | |

------------------------------------------------------------

| | | |
|---|---|---|
| LAWRENCE HOLLIN, derivatively on behalf of WALGREENS BOOTS ALLIANCE, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:24-cv-08244 |
| v. | ) ) | Honorable John Robert Blakey |

|  |  |  |
|---|---|---|
| TIMOTHY C. WENTWORTH, MANMOHAN MAHAJAN, RICK GATES, JANICE M. BABIAK, INDERPAL S. BHANDARI, GINGER L. GRAHAM, BRYAN C. HANSON, ROBERT L. HUFFINES, VALERIE B. JARRETT, JOHN A. LEDERER, STEFANO PESSINA, THOMAS E. POLEN, and NANCY M. SCHLICHTING, | ) ) ) ) ) ) ) ) ) |  |
| Defendants, | ) ) |  |
| and | ) ) |  |
| WALGREENS BOOTS ALLIANCE, INC., | ) ) |  |
| Nominal Defendant. | ) |  |
| ------------------------------------------------------------- |  |  |
| GERALD JOSEPH LOVOI, derivatively on behalf Of WALGREENS BOOTS ALLIANCE, INC., | ) ) ) | Case No. 1:24-cv-09110 |
| Plaintiff, | ) ) |  |
|  | ) | Honorable Lindsay Jenkins |
| v. | ) ) |  |
| TIMOTHY C. WENTWORTH, JANICE M. BABIAK, INDERPAL S. BHANDARI, GINGER L. GRAHAM, BRYAN C. HANSON, VALERIE B. JARRETT, JOHN A. LEDERER, STEFANO PESSINA, THOMAS E. POLEN, NANCY M. SCHLICHTING, MANMOHAN MAHAJAN, RICK GATES, and TRACEY D. Brown | ) ) ) ) ) ) ) ) |  |
| Defendants, | ) ) |  |
| and | ) ) |  |
| WALGREENS BOOTS ALLIANCE, INC., a Delaware Corporation, | ) ) ) |  |
| Nominal Defendant. | ) |  |
| ------------------------------------------------------------- |  |  |

**AGREED MOTION TO RELATE AND CONSOLIDATE PURSUANT TO LOCAL RULE 40.4 AND FED. R. CIV. P. 42 AND APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS IN THE CONSOLIDATED DERIVATIVE ACTION**

2

Pursuant to Local Rule 40.4 and Rule 42(a)(2) of the Federal Rules of Civil Procedure, plaintiff Mark Tobias in the above-captioned action styled *Tobias v. Wentworth et al.*, Case No. 1:24-cv-07755, pending before the Honorable Martha M. Pacold (the "*Tobias*" Action), plaintiff Lawrence Hollin in the above-captioned action styled *Hollin v. Wentworth et al.*, Case No. 1:24-cv-08244, pending before the Honorable John Robert Blakely (the "*Hollin*" Action), and plaintiff Gerald Joseph Lovoi in the above-captioned action styled *Lovoi v. Wentworth, et al.*, Case No. 1:24-cv-09110, pending before the Honorable Lindsay Jenkins (the "*Lovoi*" Action) (collectively, "Plaintiffs") and defendants Walgreens Boots Alliance, Inc. ("Walgreens"), Timonthy C. Wentworth, Manmohan Mahajan, and Rick Gates (collectively, "Defendants" and together with Plaintiffs, the "Parties"), by and through their undersigned counsel, respectfully move this Court to: (1) relate the *Tobias* Action; the *Hollin* Action; and the *Lovoi* Action to *Bhaila v. Walgreens Boots Alliance, Inc.*, Case No. 1:24-cv-05907 (filed July 12, 2024) (the "*Bhaila* Action"); and (2) consolidate  the *Tobias* Action with the *Hollin* and *Lovoi* Actions (the "Derivative Actions").[1] Plaintiffs also respectfully move this Court to appoint The Brown Law Firm, P.C. ("The Brown Law Firm") and Rigrodsky Law, P.A. ("Rigrodsky Law") as Co-Lead Counsel for plaintiffs in the consolidated derivative action.  Defendants take no position on the appointment of leadership for Plaintiffs.

 In support of their Motion, the Parties state as follows:

## I.    THE ACTIONS ARE "RELATED" UNDER LOCAL RULE 40.4(a)

Under Local Rule 40.4(a), the Actions are related.  Pursuant to this rule:

> [t]wo or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same

---

[1] Copies of the complaints in the *Bhaila* Action, *Tobias* Action, *Hollin* Action, and *Lovoi* Action are attached as Exhibits 1, 2, 3, and 4.

property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same.

Local Rule 40.4(a).

Here, the Actions are related because they involve the same overlapping issues of fact and/or law, involve the same or substantially similar conduct by essentially the same Defendants, and arise out of the same or substantially similar transactions or occurrences. The *Bhaila* Action alleges that Walgreens and certain of its officers violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j(b) and 78t(a)) and U.S. Securities Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) by issuing false and misleading statements and failing to disclose material facts. Ex. No. 1, *Bhaila* Compl. ¶¶ 33–39. The Derivative Actions are federal derivative lawsuits that assert similar claims purportedly on behalf of Nominal Defendant Walgreens against certain Walgreens officers and directors. *Compare* Ex. 2, *Tobias* Compl. ¶¶ 218–34, 238–55, 265–70, *with* Ex. 3, *Hollin* Compl. ¶¶ 135–57, 161–70, *with* Ex. 4, *Lovoi* Compl. ¶¶ 86–105. All four cases center on allegations that Walgreens' directors and officers made or permitted the challenged statements and omissions concerning its growth initiatives and expected revenue for the fiscal year 2024. *Compare* Ex. 1, *Bhaila* Compl. ¶¶ 1–4, 38–42, *with* Ex. 2, , *Tobias* Compl. ¶¶ 1–18, *with* Ex. 3, *Hollin* Compl. ¶¶ 1–15, *with* Ex. 4, *Lovoi* Compl. ¶¶ 1–5.

The Court therefore should find that the Actions are "related" under Local Rule 40.4.

## II. THE DERIVATIVE ACTIONS SHOULD BE REASSIGNED UNDER LOCAL RULE 40.4(b)

Once cases are found to be related, Local Rule 40.4(b) imposes four additional conditions that must be satisfied before reassignment. Under this rule:

> [a] case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

Local Rule 40.4(b). Each of those conditions is met here.

First, all four Actions are pending in the Northern District of Illinois. Local Rule 40.4(b)(1). The *Bhaila* Action (which is the first of these actions to be filed) is currently assigned to the Honorable Joan B. Gottschall, the *Tobias* Action is currently assigned to the Honorable Martha M. Pacold, the *Hollin* Action is currently assigned to the Honorable John Robert Blakey, and the *Lovoi* Action is currently assigned to the Honorable Lindsay Jenkins. Second, the handling of the Actions by the same judge will save substantial judicial time and effort because, as demonstrated above, the Actions involve the same or substantially similar facts. Local Rule 40.4(b)(2). Relating all of these cases with one another will permit issues that may arise to be handled together, rather than separately, which will preserve judicial and party resources. Third, the *Bhaila* Action has not progressed to the point where designating the *Tobias, Hollin*, and *Lovoi* Actions as related actions would delay any proceedings. Local Rule 40.4(b)(3). None of the Actions have progressed beyond the filing of an initial complaint and the appointment of a lead plaintiff in the *Bhaila* Action. Designating the *Tobias*, *Hollin*, and *Lovoi* Actions as related to

5

the *Bhaila* Action would not impact the timing of any deadline.  The benefits of the Actions proceeding before the same judge counsel in favor of reassignment.  *See, e.g., West Palm Beach Firefighters' Pension Fund v. Conagra Brands Inc., et al.*, Case No. 1:19-cv-01323 (N.D. Ill.), ECF Nos. 61 & 62 (granting motion to reassign shareholder derivative suit to judge presiding over securities class action where both cases "turn on the same alleged misstatements"); *Lowry v. RTI Surgical Holdings, Inc., et al.*, Case No. 1:20-cv-1939 (N.D. Ill.), ECF Nos. 42 & 44 (same, where securities and derivative cases were "based on the same facts and misconduct" and "focused on the same time period"); *see generally Velocity Patent LLC v. Mercedes-Benz USA, LLC*, 2014 WL 1661849 (N.D. Ill. Apr. 24, 2014) (granting plaintiff's motion to reassign on the basis that the cases were related and all conditions of Local Rule 40.4 were met).

### III.  THE *TOBIAS*, *HOLLIN*, AND *LOVOI* DERIVATIVE ACTIONS SHOULD BE CONSOLIDATED UNDER LOCAL RULE 40.4(b)(4) AND FED. R. CIV. P. 42(a)(2)

The Derivative Actions should be consolidated  because, as described above, they arise out of the same facts and occurrences, and involve the same or similar legal issues and the same or similar parties.  Local Rule 40.4(b)(4).  Fed. R. Civ. P. 42(a)(2) grants the district court the discretion to consolidate separately captioned lawsuits into one case where, as here, the actions involve a common question of law or fact and where the proposed consolidation would promote convenience and judicial economy.  *See, e.g., Summers v. Farhat et al.*, Case No. 20-cv-3347 (N.D. Ill.), ECF Nos. 6 & 35 (granting motion to consolidate related shareholder derivative suits).

Defendants, through their counsel, further hereby accept service of process and future filings in the consolidated action by plaintiffs in the *Tobias*, *Hollin*, and *Lovoi* Derivative Actions.

**IV. THE COURT SHOULD APPOINT THE BROWN LAW FIRM AND RIGRODSKY LAW AS CO-LEAD COUNSEL FOR PLAINTIFFS IN THE CONSOLIDATED DERIVATIVE ACTION**

**A. A Leadership Structure is Necessary for the Effective Prosecution of the Consolidated Derivative Action**

The authority to appoint co-lead counsel in shareholder derivative actions derives from the inherent authority of courts "to create an efficient case-management structure." *N. Miami Beach Gen. Emps. Ret. Fund v. Parkinson*, 2011 WL 12465137, at *1-2 (N.D. Ill. July 5, 2011). *See also Iron Workers Mid-South Pension Fund on behalf of Caterpillar Inc. v. Oberhelman*, Case Nos. 1:13-cv-01104-SLD-JAG, 1:13-cv-01141-SLD-JAG, 1:13-cv-01344-SLD-JAG, 1:13-cv-01509-SLD-JAG, 2014 WL 1302032, at *4 (C.D. Ill. Mar. 31, 2014) ("'The functions of lead counsel may be divided among several attorneys[.]'" (quoting Manual for Complex Litigation § 10.221 (4th ed. 2004))). Moreover, the Manual for Complex Litigation recognizes the benefits of appointing lead counsel in complex, multiparty litigation:

> Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily. Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems.

Manual for Complex Litigation § 10.22 (4th ed. 2004).

Although no statutory authority exists setting the criteria to select lead counsel for derivative actions, courts throughout the country commonly consider the factors outlined in Fed. R. Civ. P. 23(g), including: the work completed to investigate claims; counsel's experience in handling complex litigation and claims similar to those asserted in the action; counsel's knowledge of the law; and the resources that counsel can commit to the action. *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 272 (S.D.N.Y. 2009); s*ee, e.g.*, *In re RTI Surgical*

*Derivative Litig.*, 2021 WL 8314461, at *5 (N.D. Ill. Sept. 30, 2021) (appointing co-lead and co-liaison counsel for consolidated derivative action); *Union Asset Mgmt. Holding AG v. Kraft Heinz Co.*, No. 19-CV-1339, 2021 WL 4902454, at *4 (N.D. Ill. Oct. 21, 2021) (appointing co-lead counsel for consolidated derivative action); *Dollens v. Zionts*, 2001 WL 1543524, at *7 (N.D. Ill. Dec. 4, 2001) (same); *N. Miami Beach Gen. Emps. Ret. Fund*, 2011 WL 12465137, at *3 (appointing lead counsel for consolidated derivative action).

If the Derivative Actions are consolidated, the appointment of Co-Lead Counsel will promote the efficient and orderly prosecution of the derivative claims asserted in the Derivative Actions.

### B. The Brown Law Firm and Rigrodsky Law Should Be Appointed Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action

The court's responsibilities in appointing lead or co-lead counsel include assessing counsel's qualifications, experience, competence, and commitment to prosecuting the action on behalf of plaintiffs. *See* Manual for Complex Litigation (Fourth) § 10.224 (2004). The Brown Law Firm and Rigrodsky Law are both well capitalized and fully capable and prepared to staff and finance this derivative litigation and have extensive experience in handling complex shareholder derivative litigation, having served as lead or co-lead counsel in numerous derivative cases around the country. *See* Exs. A and B (firm resumes of The Brown Law Firm and Rigrodsky Law, respectively).

To illustrate, The Brown Law Firm, serving as lead counsel, was instrumental in obtaining a $15.625 million total settlement on behalf of SeaWorld Entertainment, Inc. ("SeaWorld"), in which a $12.5 million cash payment to SeaWorld as well as substantial corporate governance reforms were obtained. *Kistenmacher v. Atchison, et al.*, C.A. No. 10437 (Del. Ch. Court).

8

The Brown Law Firm also served in the role of lead counsel for stockholders in a derivative action brought on behalf of Synchrony Financial in the United States District Court for the District of Connecticut in which the parties reached a settlement that recently received final court-approval. The settlement involved corporate governance reforms that included, *inter alia*, expanding the responsibilities of Synchrony's Chief Credit Officer, Chief Risk Officer, and Chief Compliance Officer; improvements to the Ombuds Program Policy that foster the reporting of any ethical and legal violations; improvements to the Disclosure Committee and Risk Committee; and heightened oversight of stock repurchases. *In re: Synchrony Financial Derivative Litigation*, Lead Case No. 3:19-cv-00130-VAB (D. Conn.).

In addition, The Brown Law Firm served as co-lead counsel for stockholders in a derivative action brought on behalf of Clover Health Investments, Corp. in the United States District Court for the Middle District of Tennessee in which the parties reached a settlement that recently received final court-approval. The settlement involved corporate governance reforms that included, *inter alia*, the appointment of a new independent director to the Board, credit for previous appointments of two new independent directors to the Board in 2023, the adoption of new Anti-Kickback, Marketing, and Recoupment policies, the appointment of a Chief Corporate Compliance Officer, and the creation of a new, formally chartered Clinical Committee charged with overseeing the company's health-related strategies and initiatives. *Sun v. Garipalli et al*, Lead Case No. 3:21-cv-00311 (M.D. Tenn.).

Further, The Brown Law Firm was lead counsel for stockholders in a derivative action brought on behalf of Omega Healthcare Investors, Inc. in the United States District Court for the District of Maryland in which the parties reached a settlement that recently received final court-approval. The settlement involved corporate governance reforms designed to improve Omega's

diversity and anti-discrimination practices. The reforms included, *inter alia*, the appointment of a new African-American, female, and independent director to the Board; the creation of an Environmental, Social, and Governance Steering Committee and Charter to advance Omega's governance, sustainability and diversity inclusion programs; and the creation of a new diversity training program that provides periodic Diversity and Inclusion training for all Company employees and officers. *Wojcik v. Omega Healthcare Investors, Inc., et al.*, Civil Action No. 1:20-cv-03491-JKB (D. Md.).

Thus, The Brown Law Firm has achieved outstanding results for shareholders in shareholder derivative litigation, and the breadth of success of The Brown Law Firm should weigh heavily in favor of appointing the firm as Co-Lead Counsel. *See In re India Globalization Capital, Inc.*, *Derivative Litig.*, 2020 WL 2097641, at *4 (D. Md. May 1, 2020) ("In addition to the impressive resumes of named counsel in this case [The Brown Law Firm and another firm were appointed co-lead counsel], both firms have extensive experience in shareholder derivative litigation."); *Allred on behalf of Aclaris Therapeutics, Inc. v. Walker*, 2021 WL 5847405, at *4 (S.D.N.Y. Dec. 9, 2021) (finding that the Brown Law Firm and another firm had "extensive experience in shareholder derivative actions[,]" weighing in favor of final approval of the stockholder derivative settlement).

Likewise, Rigrodsky Law attorneys have decades of litigation experience and have achieved precedent-setting victories on behalf of investors in numerous securities fraud, corporate class action, and shareholder derivative lawsuits filed throughout the United States. For instance, Rigrodsky Law served as co-lead counsel in a derivative action against past and present members of the board of directors of HSBC Holdings PLC and its various U.S. subsidiaries. After successfully achieving a reversal of dismissal of the action on appeal (*see Mason-Mahon v. Flint*,

10

166 A.D.3d 754 (2d Dept. 2018)) and following the denial of defendants' appellate motion for reargument, or certification to the New York Court of Appeals, plaintiffs achieved a $72.5 million cash settlement on behalf of HSBC. In addition, HSBC agreed to certain corporate governance enhancements to bolster its anti-money laundering and sanctions compliance policies and procedures. The $72.5 million cash component of the settlement is believed to be the first derivative cash settlement against a foreign corporation, as well as the sixteenth largest derivative cash settlement at the time, in the United States. *Mason-Mahon, et al. v. Flint, et al.*, Index No. 602052/2014 (New York Sup. Ct.).

Additionally, Rigrodsky Law served as lead counsel in a derivative action before the Delaware Court of Chancery brought on behalf of Granite Construction, Inc., reaching a settlement to which defendants agreed to pay $7.5 million to the company and implement a series of corporate governance reforms. *Davydov v. Roberts*, C.A. No. 2021-0415-SG (Del. Ch.). Rigrodsky Law also served as sole lead counsel in a class action before the Delaware Court of Chancery brought on behalf of the shareholders of CNX Gas Corporation alleging financial injury in connection with the going-private acquisition of CNX by its controlling parent company owner, CONSOL Energy, Inc. In ruling that plaintiffs had made a sufficient showing that the action should move forward to trial, the Court issued an important opinion clarifying and defining the rights of shareholders in the context of a going-private tender offer by a controlling shareholder. *See In re CNX Gas Corp. S'holders Litig.*, 4 A.3d 397 (Del. Ch. 2010). The Court of Chancery subsequently approved a settlement of the action where defendants and their insurers agreed to pay $42.73 million to

11

stockholders. *In re CNX Gas Corporation Shareholders Litigation*, Consol. C.A. No. 5377-VCL (Del. Ch.).

The Brown Law Firm and Rigrodsky Law are committed to vigorously prosecuting the Consolidated Derivative Action to obtain the best result for Walgreens and its shareholders. Plaintiffs have engaged in a sound litigation strategy that resulted in the filing of well-informed complaints and demonstrating their willingness to work cooperatively and evenly with each other. Accordingly, The Brown Law Firm and Rigrodsky Law should be appointed Co-Lead Counsel.

Again, Defendants take no position on the appointment of lead counsel in the proposed consolidated derivative action.

## V.     POSITION OF OTHER INTERESTED ENTITIES

Prior to filing this motion, counsel for the Parties conferred with Lead Counsel for Co-Lead Plaintiffs in the *Bhaila* Action to determine their position with respect to the relief requested in this motion. Co-Lead Plaintiffs in the *Bhaila* Action confirmed they take no position as to any requested relief.

* * *

For the foregoing reasons, the Parties respectfully request that, pursuant to Local Rule 40.4 and Rule 42 of the Federal Rules of Civil Procedure: (i) the Actions be related to each other; (ii) the Actions be reassigned to the Honorable Joan B. Gottschall; (iii) the *Tobias*, *Hollin*, and *Lovoi* Actions be consolidated with each other; and (iv) any other and further relief deemed just and appropriate be granted. Plaintiffs also respectfully request that the Court appoint The Brown Law Firm and Rigrodsky Law as Co-Lead Counsel for Plaintiffs in the consolidated derivative action.

Dated:  October 21, 2024

GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Brian Lutz*
Brian Lutz
One Embarcadero Center
Suite 2600
San Francisco, CA 94111
Tel: (415) 393-8200
blutz@gibsondunn.com
*(admitted pro hac vice)*

Jessica Valenzuela
310 University Avenue
Palo Alto, CA 94301
Tel: (650) 849-5282
jvalenzuela@gibsondunn.com
*(admitted pro hac vice)*

Colin B. Davis
3161 Michelson Drive
Suite 1200
Irvine, CA 92612
Tel: (949) 451-3993
cdavis@gibsondunn.com
*(admitted pro hac vice)*

HONIGMAN LLP
Paula E. Litt
Molly McGinley
155 North Wacker Drive, Suite 3100
Chicago, IL 60606
Tel: (312) 701-9300
plitt@honigman.com
mmcginley@honigman.com

*Counsel for Defendants*

THE BROWN LAW FIRM, P.C.

By:   */s/ Timothy Brown*
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017

13

Tel: (516) 922-5427
Fax: (516) 344-6204
tbrown@thebrownlawfirm.net

*Attorneys for Plaintiffs Mark Tobias and Lawrence Hollin and [Proposed] Co-Lead Counsel for Plaintiffs*

RIGRODSKY LAW, P.A.
Timothy J. MacFall
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Tel: (516) 683-3516
tjm@rl-legal.com

*Attorneys for Plaintiff Lawrence Hollin and [Proposed] Co-Lead Counsel for Plaintiffs*

GRABAR LAW OFFICE
Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (267) 507-6085

*Additional Counsel for Plaintiff Lawrence Hollin*

KINGSBURY LAW LLC

By:     */s/ Timothy P. Kingsbury*
        Timothy P. Kingsbury
        8 S. Michigan Avenue, Suite 2600
        Chicago, IL 60603
        Tel: (312) 291-1960
        tim@kingsburylawllc.com

        GLANCY PRONGAY & MURRAY LLP
        Brian P. Murray
        230 Park Avenue, Suite 358
        New York, NY 10169
        Tel: (212) 682-5340
        bmurray@glancylaw.com

14

ROWLEY LAW PLLC
Shane Rowley
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
srowley@rowleylawpllc.com
drl@rowleylawpllc.com

*Attorneys for Plaintiff Gerald Joseph Lovoi*

15