**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *In re Walgreens Boots Alliance, Inc. Securities Litigation* | Master File No.: 1:24-cv-05907 <br><br> Hon. Mary M. Rowland <br><br> <u>CLASS ACTION</u> |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE APPENDIX A IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED <u>CLASS ACTION COMPLAINT</u>**

1

Defendants Walgreens Boots Alliance, Inc. ("Walgreens" or the "Company"), Rosalind Brewer, James Kehoe, John Driscoll, Tim Wentworth, and Manmohan Mahajan (collectively, the "Individual Defendants") move to strike Appendix A to the Declaration of Gregory M. Potrepka in Support of Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Consolidated Class Action Complaint ("Appendix A").

## INTRODUCTION

Pending before this Court is Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint (the "Motion," ECF No. 57). In opposition to Defendants' Motion, Plaintiffs seek to augment their deficient pleading with a newly-filed 54-page appendix. This appendix purports to explain why each challenged statement is supposedly false or misleading—information that is not pleaded in the Consolidated Class Action Complaint. In addition to trying to amend the Complaint, the Appendix also adds argument and circumvents the page limits agreed upon by the Parties and ordered by the Court, nearly tripling Plaintiffs' opposition arguments from 30 to 84 pages. Appendix A should be stricken in its entirety, and the Court should not consider it in ruling on the Motion to Dismiss.

## BACKGROUND

On July 12, 2024, former plaintiff Rizwan Bhaila filed a Complaint for Violations of the Federal Securities Laws, alleging claims arising under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5, individually and on behalf of all investors who purchased or otherwise acquired Walgreens securities between October 12, 2023 to June 26, 2024. ECF No. 1. On November 8, 2024, the Court (Gottschall, J.), consolidated another securities action captioned *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefits Fund v. Walgreens Boots Alliance, Inc., et al.*, Case No.: 1:24-cv-08559 (N.D. Ill.) into this Action. ECF No. 41.

1

On December 4, 2024, the Court granted the Parties' Joint Agreed Motion for Extension of Co-Lead Plaintiffs' Time to File their Amended Complaint and Defendants' Response Thereto (the "Joint Agreed Motion"), in which the parties agreed that Defendants' motion to dismiss brief and Plaintiffs' opposition brief each would be no longer than 30 pages.  ECF Nos. 46, 47.

On December 20, 2024, Plaintiffs filed the operative 145-page Consolidated Class Action Complaint for Violations of the Securities Laws (the "Complaint," ECF No. 50).  On February 18, 2025, Defendants moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim (the "Motion").  ECF No. 57.

On April 4, 2025, Plaintiffs filed their opposition to Defendants' Motion to Dismiss (the "Opposition").  ECF No. 68.  Plaintiffs also filed the Declaration of Gregory M. Potrepka in support of Plaintiffs' Opposition (the "Declaration"), attaching Appendix A.  ECF No. 69.  The Declaration describes Appendix A as "a chart that contains each alleged false statement and the reasons why such statements are materially false or misleading as alleged in the [Complaint]."  ECF No. 69 at 1.  The PSLRA requires this information—an explanation of why each challenged statement purportedly is false and misleading—to be *in the complaint*.  In addition, Appendix A contains 54 pages of argument, thereby exceeding the page limits to which the parties agreed and which the Court ordered.[1]

---

[1] Although Defendants also submitted an appendix in support of their Motion, *see* ECF No. 57-1 ("Def. App'x"), it contains no argument.  Given the length and complexity of the Complaint, which spanned over 145 pages and contained over 80 alleged false and misleading statements that were inconsistently identified throughout the Complaint, Mot. 11 n.3, Defendants submitted an appendix to facilitate the Court's analysis of the disparate challenged statements, organized by topic.  *See Garden City Employees' Ret. Sys. v. Anixter Int'l, Inc.*, 2011 WL 1303387, at *9 (N.D. Ill. Mar. 31, 2011) (declining to strike defendant's appendix where it was "simply a summary document intended to assist the Court").  Defendants' appendix did not introduce arguments for why each alleged false or misleading statement is unsupported by particularized factual allegations, unlike Plaintiffs' Appendix A which contains arguments not found in the Complaint.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also* L.R. 7.1 ("Any brief or objection that does not comply with this rule shall be filed subject to being stricken by the court."). Motions to strike are appropriate if they serve to expedite litigation. *Malekpour v. LaHood*, 2012 WL 5996375, at *1 (N.D. Ill. Nov. 30, 2012); *see also Abayneh v. Zuelch*, 2011 WL 572407, at *1 (N.D. Ind. 2011) ("a motion that seeks to remove unnecessary clutter serves not to delay, but rather to expedite") (citing *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). District courts have inherent authority to strike any filed paper under Rule 12(f). *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, 2013 WL 566805, at *11 (N.D. Ill. Feb. 13, 2013) (citation omitted).

## ARGUMENT

### I.      Plaintiffs' Appendix A Improperly Circumvents the Agreed-Upon Page Limit

Plaintiffs' Opposition, excluding the Declaration and Appendix, is 30 pages long. ECF No. 68. Appendix A is 54 pages, nearly twice as long as the Opposition. Appendix A purports to explain why the alleged misstatements "were false, misleading, and/or lacked a reasonable basis." ECF No. 69–1 at 1.

Specifically, Appendix A attempts to match each allegedly false and misleading statement with the supposed reason why that statement is false or misleading and lists the purported facts in support. The column headings—including "Plaintiffs' Response" to "Defendants' Putative Reasons Not Actionable" and "Facts Demonstrating Why The Challenged Statement(s) Were False, Misleading, and/or Lacked a Reasonable Basis When Made"—demonstrate that Appendix A is intended to supplement the arguments in the Opposition. Plaintiffs' purported "facts" add pages of argument for each statement. For example, the Appendix identifies 11 pages

of "facts" allegedly supporting the falsity of Statement No. 1, with dozens of alleged reasons why the statement is false or misleading and characterizing the testimony from numerous confidential witnesses. *See, e.g.*, ECF No. 69–1 at 1 (listing the testimony of various confidential witnesses under a header titled "The vast majority of VillageMD co-located clinics substantially underperformed Walgreens' targets from the inception of the rollout and never improved"). Many other entries refer to explanations in earlier statements, incorporating by reference those additional arguments and supposed factual support. *See, e.g.*, ECF No. 69–1, Statement No. 2 ("*See* summary of supporting factual allegations for Statement #1."); *see also* Statement Nos. 20, 29, 36.

The following excerpt from Appendix A's entries for Statement 1 clearly demonstrates it is improper:

**APPENDIX A**
**False and Misleading Statements Alleged In The Consolidated Class Action Complaint[i]**

| Statement #, Speaker(s), Date, Medium, Complaint Paragraph, and Source Document | Challenged Statement(s) | Defendants' Putative Reasons Not Actionable | Plaintiffs' Response | Facts Demonstrating Why The Challenged Statement(s) Were False, Misleading, and/or Lacked a Reasonable Basis When Made |
|---|---|---|---|---|
| **Statement #: 1**<br><br>**Speaker(s):**<br>Walgreens<br><br>**When:**<br>10/14/21<br><br>**Where:**<br>Press Release filed on Form 8-K<br><br>(¶202), DX. 6 at 1 | "Walgreens Boots Alliance Makes $5.2 Billion Investment in VillageMD to Deliver Value-Based Primary Care to Communities Across America" ¶202.<br><br>"The $5.2 billion investment will accelerate the opening of at least 600 Village Medical at Walgreens primary care practices in more than 30 U.S. markets by 2025 and 1,000 by 2027, with more than half of those practices in medically underserved communities." ¶202. | Forward-Looking Statement (DB11-14)<br><br>No False Statement of Fact (DB16-18) | No Safe Harbor: Actual Knowledge, No Meaningful Caution, Statements Not Forward-Looking or Are "Mixed" (Opp. §II.A.6)<br><br>Defendants Misrepresented or Concealed Material Facts (Opp. §§II.A.2-3) | Numerous facts establish that Defendants' statements were false and materially misleading, omitted material facts that reasonable investors would consider important, and/or lacked a reasonable factual basis when made.<br><br>• The vast majority of VillageMD co-located clinics substantially underperformed Walgreens' targets from the inception of the rollout and never improved. Defendants' statements created a material misimpression that the clinic rollout and healthcare strategy were proceeding smoothly and successfully, when, in reality, the vast majority of clinics in every region were dramatically underperforming Walgreens' targets due to a pervasive shortage of doctors and patients. ¶¶86, 88-114, 158, 203-04.<br><br>Numerous former employees from different regions and different levels within both Walgreens and VillageMD stated that |

This chart begins by identifying the date, alleged speaker, and method of publication for the alleged misstatement. The second column then identifies the "Challenged Statement(s)" and the paragraph of the Complaint from which the information is drawn. The third and fourth columns set forth Defendants' "Putative Reasons Not Actionable" drawn from the Motion and Plaintiffs'

4

responses thereto, containing generic legal conclusions, such as "No Safe Harbor" or "No Meaningful Caution," that do not appear in the Complaint. As discussed *supra*, the final column contains pages of Plaintiffs' characterization of purported "facts" "[d]emonstrating" why the challenged statements are false or misleading.

Appendix A improperly introduces an additional 54 pages of argument in violation of the Parties' Joint Agreed Motion. The Court should not allow this improper attempt to nearly triple the page limits ordered by the Court. Appendix A is plainly argumentative, and there is no justification for allowing Plaintiffs to dramatically inflate their allotted page limit by using an appendix to present further argument in support of the Complaint. *See Perkins v. S. New Eng. Tel. Co.*, 669 F. Supp. 2d 212, 226 (D. Conn. 2009) (striking declarations that contained "'improper argument … over and above the page limitation'"); *Kaur v. All Nippon Airways Co.*, 2006 WL 997329, at *3 (N.D. Cal. Apr. 17, 2006) (striking legal conclusion as improper argument).

Plaintiffs cannot offer any valid basis for the inclusion of Appendix A. Appendix A does not contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Nor does Appendix A contain charts and/or tables that "expressly summarize" voluminous data contained in SEC filings, *see In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*, 763 F. Supp. 2d 423, 582-83 (S.D.N.Y. 2011) (noting limitations on court's ability to consider documents outside complaint in connection with motion to dismiss), or "merely reproduce[] portions of Plaintiffs' complaint," *Garden City Emps.' Retirement System*, 2011 WL 1303387 at *9; *see* Def. App'x (summarizing the same information from the Motion). Appendix A is, as Plaintiffs admit, an attempt to provide this Court with additional reasons for why the challenged statements are actionable and connect each statement to

5

those arguments beyond what is plead in the Complaint. Plaintiffs were free to include such arguments in the Opposition within their allotted page limit, but they chose not to.

## II. Plaintiffs' Appendix A Improperly Seeks to Amend the Complaint

Appendix A is also an improper attempt to amend the Complaint by alleging what facts support the supposed falsity of each challenged statement. *See Abe v. AFCH, Inc.*, 2022 WL 159728, at *5 (C.D. Cal. Jan. 18, 2022) (granting motion to dismiss and noting that "a plaintiff may not amend his complaint 'by briefs in opposition to a motion to dismiss.'") (citing *Diamond S.J. Enter., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1231 (N.D. Cal. 2019), *aff'd*, 100 F.4th 1059 (9th Cir. 2024)); *Zebra Techs. v. Titanium Asset Mgmt.*, 2010 WL 4627735, at *4 (N.D. Ill. Oct. 26, 2010) (same). The PSLRA requires that the connection between the alleged false and misleading statements and the facts in support of those allegations be alleged *in the complaint*, not a supplement to it. *See* 15 U.S.C.§ 78u-4(b)(1)(B) ("[T]he complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.").

To the extent that the Court is inclined to consider any portion of Appendix A, Defendants submit that Plaintiffs' inclusion of Appendix A only demonstrates the lack of specificity and particularity of the Complaint. Despite Plaintiffs' assertion that the Complaint "identifies each misstatement, separates them by subject, and states the reasons they are false," Opp. 10 n.7, Plaintiffs apparently needed 54 extra pages to attempt to make sense of the 145-page complaint and try to identify who made each statement, the date and manner in which each statement was disseminated, and why each statement was supposedly false or misleading when made. *See Tarapara v. K12 Inc.*, 2017 WL 3727112, at *27 (N.D. Cal. Aug. 30, 2017) ("In the court's view, when each side finds it necessary to submit a lengthy 'Appendix'—38 pages for defendants and

6

53 pages for plaintiffs—in connection with a motion to dismiss, that in itself is a sure indication that the complaint is overly long and convoluted.")

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant Defendants' Motion to Strike Appendix A Filed in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss from the record.

Dated: May 5, 2025

By: _/s/ Brian M. Lutz_

GIBSON, DUNN & CRUTCHER LLP
Brian M. Lutz
One Embarcadero Center
Suite 2600
San Francisco, CA 94111
Tel: (415) 393-8200
blutz@gibsondunn.com
(*admitted pro hac vice*)

Jessica Valenzuela
310 University Avenue
Palo Alto, CA 94301
Tel: (650) 849-5282
jvalenzuela@gibsondunn.com
(*admitted pro hac vice*)

Colin B. Davis
3161 Michelson Drive
Suite 1200
Irvine, CA 92612
Tel: (949) 451-3993
cdavis@gibsondunn.com
(*admitted pro hac vice*)

HONIGMAN LLP
Paula E. Litt
Molly McGinley
321 N. Clark Street
Suite 500
Chicago, IL 60654
Tel: (312) 701-9300
plitt@honigman.com
mmcginley@honigman.com

*Counsel for Defendants*

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2025, I served this motion on counsel for Plaintiffs via the court's electronic filing system.

/s/ Brian M. Lutz
Brian M. Lutz
