**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| *In re Walgreens Boots Alliance, Inc. Securities Litigation* | Master File No.: 1:24-cv-05907 |
|  | Hon. Mary M. Rowland |
|  | <u>CLASS ACTION</u> |

<u>**DEFENDANTS' MOTION TO RECONSIDER**</u>

Defendants Walgreens Holding Company f/k/a Walgreens Boots Alliance, Inc. ("Walgreens" or the "Company"), Rosalind Brewer, James Kehoe, and John Driscoll (collectively, "Defendants"), pursuant to Federal Rules of Civil Procedure 54(b), respectfully moves the Court to reconsider its January 5, 2026 Order on Defendant's Motion to Dismiss (ECF No.78) based on newly discovered evidence relating to statement 68.  In support of its motion Defendants state as follows:

1.      On January 5, 2026, the Court denied in part Defendants' Motion to Dismiss the Consolidated Amended Complaint in this action, holding that Plaintiffs adequately pleaded the elements of falsity and scienter as to three statements: 47, 48 and 68.  ECF No. 78.

2.      Following the Court's Order, Defendants obtained the recording of the investor conference during which statement 68 was allegedly made.  The recording makes clear that Mr. Driscoll did not say what Plaintiffs allege and that Plaintiffs' characterization of the statement is inaccurate.

3.      Under Rule 54(b), a district court may revise any interlocutory order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

1

4.      The audio recording of the investor call is newly discovered evidence because it was effectively unavailable despite reasonable diligence of Defendants and the recording is material to the Court's ruling.  *See Janssen v. Reschke,* 2020 WL 6044284, at *6 (N.D. Ill. Oct. 13, 2020) (citing *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270–71 (7th Cir. 1996)).

5.      Because the actual language of statement 68 is not alleged to have been false or misleading when made—nor could it be—the Court should reconsider its Order as to statement 68 and dismiss that statement from the case.

**WHEREFORE**, the Defendants, for the foregoing reasons and for those discussed more fully in the Defendants' accompanying memorandum of law, respectfully request that this Court reconsider its Order on the Motion to Dismiss (ECF No. 78) as to statement 68.


Dated: February 2, 2026                              Respectfully submitted,


                                                     */s/ Brian M. Lutz*_____
                                                     **GIBSON, DUNN & CRUTCHER LLP**
                                                     Brian M. Lutz
                                                     One Embarcadero Center
                                                     Suite 2600
                                                     San Francisco, CA 94111
                                                     Tel: (415) 393-8200
                                                     blutz@gibsondunn.com
                                                     (*admitted pro hac vice*)

                                                     Jessica Valenzuela
                                                     310 University Avenue
                                                     Palo Alto, CA 94301
                                                     Tel: (650) 849-5282
                                                     jvalenzuela@gibsondunn.com
                                                     (*admitted pro hac vice*)

                                                     Colin B. Davis
                                                     3161 Michelson Drive
                                                     Suite 1200

Irvine, CA 92612
Tel: (949) 451-3993
cdavis@gibsondunn.com
(*admitted pro hac vice*)

HONIGMAN LLP
Paula E. Litt
Molly McGinley
155 North Wacker Drive
Suite 3100
Chicago, IL 60606-1734
Tel: (312) 701-9300
plitt@honigman.com
mmcginley@honigman.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2026, I served this motion on counsel for Plaintiffs via the court's electronic filing system.

*/s/ Brian M. Lutz*
Brian M. Lutz