# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| *In re Walgreens Boots Alliance, Inc. Securities Litigation* | Master File No.: 1:24-cv-05907 <br><br> Hon. Mary M. Rowland <br><br> <u>CLASS ACTION</u> |

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF <u>DEFENDANTS' MOTION FOR RECONSIDERATION</u>

**Table of Contents**

INTRODUCTION ...................................................................................................................1

BACKGROUND ....................................................................................................................2

LEGAL STANDARD.............................................................................................................3

    I.      The Audio Recording Is Newly Discovered Evidence Under Rule 54(b)...............4

    II.     The Audio Recording Demonstrates that Statement 68 Was Not False or
              Misleading........................................................................................................6

    III.    Reconsideration And Dismissal of Statement 68 Will Streamline the
              Case..................................................................................................................7

CONCLUSION.......................................................................................................................7

## Table of Authorities

### Cases

*In re Baxter Int'l Inc. Sec. Litig.*,
   2021 WL 100457 (N.D. Ill. Jan. 12, 2021) ....................................................................3

*Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*,
   90 F.3d 1264 (7th Cir. 1996) ........................................................................................4

*Eli Lilly and Co. v. Arch Ins. Co.*,
   2024 WL 1285713 (S.D. Ind. Mar. 25, 2024) ..............................................................4

*Janssen v. Reschke*,
   2020 WL 6044284 (N.D. Ill. Oct. 13, 2020) ................................................................4

*Lockhart v. HSBC Fin. Corp.*,
   2020 WL 6134984 (N.D. Ill. Oct. 19, 2020) ................................................................5

*Marquez v. Hernandez*,
   2020 WL 4015319 (N.D. Ill. July 16, 2020) ................................................................4

*Osterneck v. Ernst & Whinney*,
   489 U.S. 169 (1989) ......................................................................................................4

*In re Prince*,
   85 F.3d 314 (7th Cir. 1996) ...................................................................................4, 5, 6

*Rothwell Cotton Co. v. Rosenthal & Co.*,
   827 F.2d 246 (7th Cir. 1987) ........................................................................................4

*Schmaltz v. Vill. of N. Riverside*,
   2018 WL 1138552 (N.D. Ill. Mar. 2, 2018) .................................................................4

### Statutes

PSLRA ....................................................................................................................................2

### Rules

Fed. R. Civ. P. Rule 11 ......................................................................................................1, 3

Federal Rule of Civil Procedure 11(c) ...................................................................................3

Federal Rule of Civil Procedure 54(b) ...........................................................................1, 3, 4, 5

Fed. R. Civ. P. Rule 59(e) .....................................................................................................5

ii

**INTRODUCTION**

Defendants Walgreens Holding Company f/k/a Walgreens Boots Alliance, Inc. ("Walgreens" or the "Company"), Rosalind Brewer, James Kehoe, and John Driscoll (collectively, "Defendants") respectfully move for reconsideration under Federal Rule of Civil Procedure 54(b) of the Court's January 5, 2026 ruling that Plaintiffs adequately pled falsity as to statement 68. ECF No. 78 (the "Order").

Defendants seek reconsideration because newly discovered evidence—an audio recording of the September 21, 2023 TD Cowen Investor Conference at which statement 68 was allegedly made—demonstrates that the actual words spoken by Mr. Driscoll are different than the statement Plaintiffs alleged in the Complaint and that the Court adopted in its Order. The audio recording makes clear that, in stark contrast to Plaintiffs' allegation, Mr. Driscoll *did not* affirm Walgreens' prior targets of "600 co-located clinics by 2025 and 1,000 by 2027." *Id.* at 25, 32. The audio recording, which has been provided to the Court with this motion, shows beyond a doubt that Plaintiffs' allegation regarding the content and characterization of statement 68 is plainly wrong, and there is no basis to conclude the actual statement was false or misleading when made.

Defendants sought to avoid burdening the Court with this motion by raising this issue with counsel for Plaintiffs and providing the audio recording prior to filing this motion. Plaintiffs, however, refused Defendants' request to withdraw their claim as to statement 68—a perplexing decision given that the content of the audio recording shows that their allegation about the content of statement 68 is false. This raises serious questions about counsel's compliance with Rule 11. Given Plaintiffs' refusal to proceed in good faith by acknowledging the actual, recorded content of statement 68 and dismissing their claim as to that statement, reconsideration is necessary to correct a ruling premised on a factual allegation that the evidentiary record now squarely refutes.

1

**BACKGROUND**

Plaintiffs filed the operative Consolidated Class Action Complaint on December 20, 2024. ECF No. 50 (the "Complaint" or "Compl."). The Complaint challenged 80 statements made by the Defendants over a three-year period relating to Walgreens' investment in VillageMD. Defendants moved to dismiss on February 18, 2025, arguing that the Complaint failed to meet the requirements for pleading securities fraud under the PSLRA. ECF No. 57 (the "Motion").

On January 5, 2026, the Court granted the Motion in substantial part, dismissing the vast majority of the challenged statements. The Court held that Plaintiffs adequately pled the elements of falsity and scienter as to only three statements—statements 47, 48, and 68. Order at 35. Defendants seek reconsideration of the Court's Order as to statement 68.

Statement 68 occurred at a September 21, 2023 TD Cowen investor conference. Plaintiffs alleged in their Complaint that, in response to an analyst question of whether Walgreens' previously disclosed targets of opening 600 clinics by 2025 and 1,000 by 2027 were "still sort of the milestones we should be thinking about," Defendant Driscoll "responded in the affirmative, assuring the market: 'Yes, I think we should be …'" Compl. ¶ 179. The Court in its Order concluded that Plaintiffs adequately pled that Mr. Driscoll's alleged reaffirmation of the co-located clinic openings was an actionable misstatement. Order at 25.

Following the Court's Order, Defendants obtained the audio recording of the investor conference. That recording makes clear that Mr. Driscoll did not say what Plaintiffs allege and that Plaintiffs' characterization of what he said—namely, that he affirmed the earlier-projected clinic openings—was inaccurate. Mr. Driscoll *did not* affirm the projected clinic openings. Rather, he responded to the analyst question by discussing Walgreens' disciplined capital allocation and operational performance, without commenting on any number of projected clinic

2

openings.  *See* Declaration of Brian M. Lutz, dated February 2, 2026 ("Declaration" or "Decl."), Ex. 1 at 20:35-21:43.[1]

Before filing this motion, counsel for Defendants raised this issue and shared the audio recording with counsel for Plaintiffs with the request and expectation that Plaintiffs voluntarily dismiss their claim as to statement 68, given that it rests on a factual premise we know is false. Plaintiffs declined to do so.  Counsel for Defendants also met and conferred with counsel for Plaintiffs over a Zoom call to try to understand how Plaintiffs could proceed in good faith with a claim as to statement 68 when the audio recording establishes that Mr. Driscoll *did not* make the statement attributed to him in the Complaint and *did not* reaffirm co-located clinic milestones. But Plaintiffs refused to voluntarily withdraw statement 68, despite the new evidence of its falsity. Plaintiffs' refusal to drop this claim raises a serious Rule 11 issue for Plaintiffs' counsel.  *See* Fed. R. Civ. P. Rule 11(b)(3) (requiring attorneys to certify in any legal filing that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery").[2]

## LEGAL STANDARD

Under Rule 54(b), a district court may revise any interlocutory order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  The Seventh Circuit has made clear that reconsideration is appropriate where the movant identifies a "manifest error[] of law or fact or … present[s] newly discovered evidence."

---

[1] As indicated in the Declaration, exhibits 1 and 2 thereto (the TD Cowen conference audio recording and transcript, respectively) are publicly available, and the contents thereof are specifically referenced in the Complaint.  The Court may consider and "take judicial notice" of documents that "contain publicly available information," including documents incorporated by reference in a complaint.  *In re Baxter Int'l Inc. Sec. Litig.*, 2021 WL 100457, at *1 n.2 (N.D. Ill. Jan. 12, 2021) (collecting cases).  Exhibits 1 and 2 are therefore properly considered in connection with this motion.

[2] Defendants reserve their rights to move for sanctions pursuant to Federal Rule of Civil Procedure 11(c), including attorney's fees incurred with bringing this motion to reconsider.

3

*Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987); *see also Marquez v. Hernandez*, 2020 WL 4015319, at *2 (N.D. Ill. July 16, 2020) (J. Rowland). "The purpose of a motion for reconsideration is to ask the Court to reconsider matters 'properly encompassed in a decision on the merits,'" *Eli Lilly and Co. v. Arch Ins. Co.*, 2024 WL 1285713, at *3 (S.D. Ind. Mar. 25, 2024) (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)), and to "ensure judicial accuracy," *Schmaltz v. Vill. of N. Riverside*, 2018 WL 1138552, at *1 (N.D. Ill. Mar. 2, 2018) (J. Rowland).

When reconsideration is based on newly discovered evidence, the movant must show that the evidence was effectively unavailable earlier despite reasonable diligence and that it is material to the Court's ruling. *See Janssen v. Reschke*, 2020 WL 6044284, at *6 (N.D. Ill. Oct. 13, 2020) (citing *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270–71 (7th Cir. 1996)). Evidence may qualify as newly discovered where a party "did not have sufficient indication prior to the hearing" that the evidence would be relevant. *In re Prince*, 85 F.3d 314, 324–25 (7th Cir. 1996).

## ARGUMENT

### I. The Audio Recording Is Newly Discovered Evidence Under Rule 54(b)

In the motion to dismiss briefing, Defendants moved to dismiss each of the 80 statements Plaintiffs claimed were false or misleading in their pleading, including statement 68. When addressing statement 68 in their motion to dismiss briefing, Defendants assessed statement 68 based on Plaintiffs' representation of the language in the Complaint and also compared that language to the written transcript of the September 21, 2023 TD Cowen Investor Conference. *See* Decl., Ex. 2. The language of the transcript generally matches the language alleged in the Complaint, and both the parties in their briefing and the Court in its Order relied on that same language.

4

The audio recording of the conference—which Defendants obtained only after the Court handed down its Order—now makes clear that the transcript and the Complaint's recitation of the content of statement 68 was incorrect. The audio recording demonstrates that Mr. Driscoll did not reaffirm the analyst's recitation of historical clinic targets. The transcript language suggesting that Mr. Driscoll reaffirmed those numbers is inaccurate. Because the transcript was presumed accurate at the time of the briefing by both the parties and the Court, there was no reason at the pleading stage to suspect that the Complaint and transcript got the actual language wrong, let alone that the precise cadence and conversational context of a single fragmented exchange in one of the 80 challenged statements would become so important.

Seventh Circuit precedent recognizes that evidence may qualify as newly discovered where its relevance only becomes apparent after a court's ruling. In *In re Prince*, the Court held that evidence technically available to the public prior to entry of judgment nonetheless was newly discovered evidence that warranted reconsideration of a prior order. 85 F.3d at 324–25. The Court rejected the argument that those records were not "newly discovered evidence," finding that interpretation would "reflect[] a far too simplistic interpretation of availability." *Id.* at 324. Because the movant "did not have sufficient indication prior to the hearing" that the issue implicating the records would be relevant—and therefore no reason to have obtained the evidence prior to the hearing—the Court found that the evidence was "effectively unavailable" prior to the entry of the judgment and could serve as the basis for a Rule 59(e) motion. *See id.* at 324–25.

The same is true here. *See Lockhart v. HSBC Fin. Corp.*, 2020 WL 6134984, at *7 (N.D. Ill. Oct. 19, 2020) ("Motions brought under Rule 54(b) are construed under the same standard applicable to motions under Rule 59(e)."). Statement 68 was one of *80* challenged statements over a three-year period that Plaintiffs alleged were false or misleading when made based on scattershot

allegations about why any given statement supposedly was actionable. Order at 18–19 ("Plaintiffs' complaint fails to meet [the PSLRA's] exacting standard. Rather than identify each individual statement and each reason or reasons why that statement is misleading, the 145-page complaint contains several paragraphs with large handfuls of Defendants' statements together …."). Nothing in the Complaint or briefing suggested that a core ruling in the Order would turn on the precise language used in a single one of those statements in which the speaker and the questioner were speaking over each other. As in *Prince*, Defendants "did not have sufficient indication" prior to the Court's ruling that the issue implicating the records would be relevant. 85 F.3d at 324. Only after the Court relied on Plaintiffs' characterization to deny dismissal did it become apparent that the audio recording of that challenged statement should be considered.

Defendants acted promptly once the significance of the audio recording became clear. The recording is newly discovered evidence that warrants reconsideration of the Court's determination that statement 68 was adequately alleged to have been actionable.

## II. The Audio Recording Demonstrates that Statement 68 Was Not False or Misleading

The audio recording conclusively refutes Plaintiffs' allegation that Mr. Driscoll reaffirmed clinic expansion targets. When asked whether "600 by 2025 and 1,000 by 2027" were "kind of still sort of the milestones we should be thinking about," the audio recording shows that Mr. Driscoll did not reaffirm those targets. The recording shows instead that he began his response by saying, "I think we should be looking …" *See* Decl., Ex. 1 at 20:35-20:55. The analyst then spoke over Mr. Driscoll ("Is that part of the right framework?"), and Mr. Driscoll resumed his prior response about what analysts should be considering. *See id.* Listening to the audio recording makes this clearer than in writing, but a written recitation of the exchange is set forth below:

> A. I think we should be looking… Q. Is that part of the right framework? A. Yeah,
> I think we should be … I'm obsessively focused on delivering better results faster.
> And I think that we are always open to revisiting capital and capital-light options.

6

I think we'll have more to talk about in terms of the look forward. But I think we've talked about this, Charles, I want to concentrate on markets where we've got real market power. I want to deliver more profitability—we need to, and we feel the responsibility to our shareholders to deliver more profitability from some of the markets we've invested in. And I think our focus is going to be accelerating profitable growth while we're thoughtfully expanding and allocating capital is sort of how I think you should think about our strategy right now and going forward.

*Id.* at 20:54-21:43.

Defendants respectfully urge the Court to listen to the audio recording, which demonstrates that—in stark contrast to Plaintiffs' allegation regarding statement 68, which the Court relied on when finding that alleged statement to be actionable at the pleading stage—Mr. Driscoll did not agree or affirm that Walgreens still planned to open 600 co-located clinics by 2025 and 1,000 by 2027. No reasonable listener would think differently.

Because the actual language of statement 68 is not alleged to have been false or misleading when made—nor could it be—the Court should reconsider its Order as to statement 68 and dismiss that statement from the case.

### III. Reconsideration And Dismissal of Statement 68 Will Streamline the Case

Dismissing statement 68 is not only proper based on the actual language of that statement; doing so also will significantly streamline this case. Mr. Driscoll would be dismissed from the case because statement 68 is the only statement he is alleged to have made. Doing so also would significantly narrow the relevant period of the case and the scope of discovery in the case—which would be focused on two statements made on a single earnings call—and thereby position this case to be efficiently litigated.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reconsider its January 5, 2026 Order solely as to statement 68.

Dated: February 2, 2026

By:   */s/ Brian M. Lutz*            

GIBSON, DUNN & CRUTCHER LLP
Brian M. Lutz
One Embarcadero Center
Suite 2600
San Francisco, CA 94111
Tel: (415) 393-8200
blutz@gibsondunn.com
(*admitted pro hac vice*)

Jessica Valenzuela
310 University Avenue
Palo Alto, CA 94301
Tel: (650) 849-5282
jvalenzuela@gibsondunn.com
(*admitted pro hac vice*)

Colin B. Davis
3161 Michelson Drive
Suite 1200
Irvine, CA 92612
Tel: (949) 451-3993
cdavis@gibsondunn.com
(*admitted pro hac vice*)

HONIGMAN LLP
Paula E. Litt
Molly McGinley
321 N. Clark Street
Suite 500
Chicago, IL 60654
Tel: (312) 701-9300
plitt@honigman.com
mmcginley@honigman.com

*Counsel for Defendants*

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2026, I served this motion on counsel for Plaintiffs via the court's electronic filing system.

*/s/ Brian M. Lutz*
Brian M. Lutz
