**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re Walgreens Boots Alliance Securities Litigation | Case No.: 1:24-cv-05907-MMR<br><br>Hon. Mary M. Rowland<br><br><u>CLASS ACTION</u> |

**DECLARATION OF GREGORY M. POTREPKA IN SUPPORT OF**
**PLAINTIFFS'MEMORANDUM OF LAW IN OPPOSITION TO**
<u>**DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION (ECF 92)**</u>

I, Gregory M. Potrepka, hereby declare as follows:

1.  I am a partner at the law firm of Levi & Korsinsky, LLP ("Lead Counsel"), counsel for Lead Plaintiff Christopher G. Collins ("Lead Plaintiff"), and Lead Counsel for the Class in the above-captioned action. I make this declaration in support of Lead Plaintiff's and additional plaintiff the Fire & Police Employees' Retirement System of the City of Baltimore's ("Baltimore F&P" and together with Lead Plaintiff, "Plaintiffs") Memorandum of Law in Opposition to Defendants' Motion for Partial Reconsideration, filed herewith. I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify competently thereto.

2.  On January 22, 2026, Brian Lutz, counsel for Defendants with Gibson Dunn & Crutcher, LLP, telephoned me and requested that Plaintiffs withdraw their claims, and those of the prospective class, based on paragraph 260 of the Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Complaint," ECF No. 50) containing alleged misstatements Defendant John Driscoll made on September 21, 2023 during TD Cowen's 8th Annual Future Health Investor Conference (the "Conference"). During the call, Mr. Lutz stated that the basis of Defendants' request was counsel's recent consideration of an audio recording of the Conference, which purportedly revealed that Defendant Driscoll did not make the statements attributed to him in paragraph 260 of the Complaint. However, Mr. Lutz did not specify what, in Defendants' view, Defendant Driscoll actually stated during the Conference. Nor did Mr. Lutz identify, state, or explain any argument that, in Defendants' view, supported dismissal or that Defendants would assert in any forthcoming motion for dismissal.

3.  Later on January 22, 2026, Mr. Lutz emailed me an audio recording of the Conference. Relying on what "the audio clip demonstrates," Mr. Lutz's email again requested that Plaintiffs voluntarily dismiss Defendant Driscoll, but did not state a position as to what Defendant

1

Driscoll actually said at the Conference. A true and correct copy of that email is attached hereto as Exhibit A.

4. On January 26, 2026, Mr. Lutz, David R. Kaplan, counsel for Baltimore F&P with Saxena White P.A., and I met and conferred via videoconference regarding Defendants' request that Plaintiffs voluntarily dismiss Defendant Driscoll. During the conference Plaintiffs' counsel asked Mr. Lutz to specify what statements attributed to Defendant Driscoll in the Complaint the audio recording purportedly demonstrated he did not say. In response, Mr. Lutz stated "all of it" but did not specify what, in Defendants' view, Defendant Driscoll actually said in the audio recording or what Driscoll meant by what he said. Thus, during the conference, Mr. Lutz did not explain how the audio of Defendant Driscoll's statement differed in substance from the written transcript, how Defendants' interpretation of Defendant Driscoll's statement substantively differed from paragraph 260 of Complaint and the transcript, or why the audio recording changed the Court's conclusion that Driscoll's statement was materially false and misleading for concealing Defendants' abandonment of the clinic rollout over a year before the Conference.

5. Based on Plaintiffs' counsel's investigation, recorded audio of the Conference has been and remains available for download by the public from, at least, the following investor research platforms: Bloomberg, Standard & Poor's Capital IQ, AlphaSense, and Seeking Alpha.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 24th day of February 2026, Stamford, Connecticut.

/s/ Gregory M. Potrepka
GREGORY M. POTREPKA

2