**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| In re Walgreens Boots Alliance Securities Litigation | Case No. 24-cv-5907 |
|  | Judge Mary M. Rowland |

### MEMORANDUM OPINION AND ORDER

Plaintiffs Christopher Collins and the Fire and Police Employees' Retirement System of the City of Baltimore brought this putative class action against Defendants, alleging that Defendants violated (1) Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and (2) Section 20(a) of the Exchange Act. On January 5, 2026, the Court granted in part and denied in part Defendants' motion to dismiss [78] (the "Order"). Before the Court now is Defendants' partial motion [92] for reconsideration. For the following reasons, the motion is denied.

### I. Legal Standard

A motion for reconsideration serves a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008) (internal citations omitted). "Motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments, and such motions are not the appropriate vehicles for tendering new legal theories for the first time." *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993). "Such problems rarely arise and motions to reconsider

1

should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotations omitted). "To support a motion for reconsideration based on newly discovered evidence, the moving party must 'show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion].'" *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (cleaned up).

## II.    Discussion

The Court assumes general familiarity with the facts underlying Plaintiffs' complaint. The complaint alleged Defendants made 80 materially false and misleading statements in violation of Section 10(b) and 20(a) of the Exchange Act. Order at 18. For the reasons explained in the Order, the Court dismissed Plaintiff's claims as to 77 of those alleged misstatements. Order at 34. Relevant to the instant motion, the Court found that Plaintiffs had adequately alleged one statement made by Defendant Driscoll was materially false and misleading.

Plaintiff alleged that in September 2023, an analyst asked Driscoll if Walgreens was still targeting the same clinic opening milestones and whether they were still planning to open 600 co-located clinics by 2025 and 1,000 by 2027. Driscoll responded: "Yes, I think we should be—I'm obsessively focused on delivering better results faster." Order at 13 (the "Driscoll Statement").

2

The Court found that the Driscoll Statement was false and misleading because Plaintiffs alleged that, at the time Driscoll made the statement, Walgreens had already internally decided to abandon the roll-out of co-located clinics. Order at 25.

Defendants timely-filed a motion to reconsider the Court's holding only as to the Driscoll Statement. [92]. They argue that an audio recording of the Driscoll Statement makes clear that Driscoll "did not say what Plaintiffs allege," and that it makes clear that Plaintiff's characterization is inaccurate. [93] at 2.

Defendants argue that the Court can consider the audio recording in its motion to reconsider because it is "newly discovered evidence." [94] at 4. They claim that they did not have "sufficient indication" that the issues implicated by the audio recording would be "relevant." [93] at 5.

The Court does not agree. The substance of the alleged misstatements was the principal subject of Defendants' motion to dismiss. It cannot be said that they lacked indication that the Driscoll Statement may be relevant; Defendants moved to dismiss Plaintiffs' claims based on the Driscoll Statement. Further, Defendants do not dispute that audio recordings of the Driscoll Statement were available during the time they briefed their motion to dismiss. While the Court is sympathetic to Defendants' plight—Plaintiffs' complaint alleged 80 total misstatements, after all—Defendants were undoubtedly on notice of the importance of the Driscoll Statement.

Defendants' rely on *In re Prince* for their argument, but that case cuts against them. There, Seventh Circuit explained that "where a party is made aware that a particular issue will be relevant to its case but fails to produce readily available

3

evidence pertaining to that issue, the party may not introduce the evidence to support a [motion to reconsider.]" *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996). Because Defendants were aware that the substance of the Driscoll Statement was relevant to their motion to dismiss, they cannot introduce new evidence as it its substance in a motion to reconsider.

Perhaps even more importantly, it is not clear that the Court could have considered the audio recording in deciding on Defendants' motion to dismiss even if Defendants had timely surfaced it. Generally, in ruling a motion to dismiss, the Court is limited to considering facts alleged in the complaint. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Defendants' briefing does not address whether or how the Court could have construed an audio recording that purports to contradict or shed additional light on Plaintiff's allegations. Defendants cite *Stringel v. Methodist Hosp. of Ind., Inc.* for the proposition that a tape recording of a conversation constitutes evidence of what was said over a conflicting transcript, 89 F.3d 415, 430 (7th Cir. 1996). But *Stringel* was decided on summary judgment, rather than a motion to dismiss, and thus does not answer this question.

Accordingly, Defendants' partial motion to reconsider [92] is denied.[1]

---

[1] This holding in no way reflects an analysis of whether the Court *would* have found that the Driscoll Statement was actionable if Defendants *had* introduced the audio recording in support of their motion to dismiss.

4

ENTER:

Dated: April 27, 2026

Mary M Rowland